**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

NEVADA WALKER,

    Plaintiff,

v.                                             Case No: 8:14-cv-588-T-30MAP

TRANSWORLD SYSTEMS, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. 20) and Defendant's Opposition (Dkt. 26). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff brought this action in part alleging Transworld Systems, Inc. ("TSI") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, when TSI called Plaintiff's cellular telephone via an automatic telephone dialing system ("ATDS").

On September 15, 2009, Plaintiff visited the dental office of Forster, Davis, Roberts, and Boeller ("FDR&B") for treatment of a broken tooth. During the visit, Plaintiff completed a "Welcome/Patient Information" form in which she provided her cellular telephone number to FDR&B. The form also contained a section entitled "Dental

Insurance", which included the question "[w]ho is responsible for this account". Plaintiff wrote the word "self" in response and did not provide any information regarding dental insurance coverage.

After receiving treatment on September 15, 2009, Plaintiff failed to provide payment. On January 19, 2011, FDR&B placed Plaintiff's account with TSI for collection of the unpaid debt. From January 19, 2011 to November 2, 2011, TSI called the cellular telephone number provided by Plaintiff attempting to collect the debt.

Plaintiff filed her complaint on March 10, 2014. Plaintiff now moves for partial summary judgment on her claims under the TCPA.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), provides that "[i]t shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service." In order to prevail on a TCPA claim for a violation of 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must show that the defendant: (1) made a call using an automatic telephone dialing system;

(2) the call was not made for emergency purposes; (3) the call was made without the plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to the plaintiff's cellular telephone service.  *See e.g. Lee v. Gulf Coast Collection Bureau, Inc.*, No. 8:13-CV-2276-T-24, 2014 WL 6978760, at *2 (M.D. Fla. Dec. 10, 2014); *Wagner v. CLC Resorts & Developments, Inc.*, No. 6:14-CV-281-ORL-31GJ, 2014 WL 3809130, at *2 (M.D. Fla. Aug. 1, 2014).

In the instant case, a pivotal question exists: did Plaintiff expressly consent to receiving calls in connection with the debt incurred for dental services provided by FDR&B?  It is undisputed that Plaintiff provided her cellular telephone number to FDR&B on the same day in which she received the treatment that resulted in the debt owed to FDR&B.

The TCPA does not define "express consent".  However, the Eleventh Circuit has recently confirmed the Federal Communications Commission's ("FCC") authority to make rules and regulations necessary to carry out the TCPA.  *See Mais v. Gulf Coast Collection Bureau, Inc.,* 2014 WL 4802457, at *5 (11th Cir. Sept. 29, 2014).  In 2008, the FCC issued the following ruling regarding the prior express consent exception to TCPA liability:

> Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls ... made with the prior express consent of the called party.  Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible.  We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.  In the *1992 TCPA Order,* the Commission determined that "persons who knowingly release their phone numbers have in effect

>given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2008 WL 65485, at *3 (F.C.C. Jan. 4, 2008) ("2008 FCC Ruling") (footnotes omitted). The 2008 FCC Ruling emphasized that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor during the transaction that resulted in the debt owed. *Id.* The FCC also noted that "[c]alls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call." *Id.*

Plaintiff has not shown any evidence that she provided "instructions to the contrary" within the meaning of the 2008 FCC Ruling or the 1992 TCPA Order referenced therein. *See id.* Rather, Plaintiff argues that the provision of her cellular telephone number to FDR&B was not "express consent" under the TCPA. This argument is inconsistent with the 2008 FCC Ruling and insufficient to overcome the material factual issues regarding Plaintiff's consent at the time of treatment. Thus, given the evidence establishing that Plaintiff provided her cellular telephone number to FDR&B on the date she received treatment, it is the Court's conclusion that material issues of fact exist regarding Plaintiff's consent to be contacted by TSI. *See e.g. Gray v. Morgan Drexen, Inc.*, No. 2:13-CV-83-FTM-29DNF, 2014 WL 2573227, at *3 (M.D. Fla. June 9, 2014); *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12-CV-1459-ORL, 2013 WL 6865772, at *6 (M.D. Fla. Dec. 31, 2013); *Moise v. Credit Control Services, Inc.,* 950 F.Supp.2d 1251, 1253 (S.D. Fla.2011).

Plaintiff also argues that she "specifically told Defendant to stop calling [her] cell phone". (Dkt. 20). While the Eleventh Circuit recently determined that a consumer's consent under the TCPA may be revoked orally, it also explained that a factual dispute regarding alleged revocation of consent cannot be properly resolved on summary judgment. *See Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1256 (11th Cir. 2014) ("[The plaintiff] says that he twice told [defendant] to 'stop calling.' [Defendant] says that he did no such thing. This is exactly the kind of factual dispute that cannot properly be resolved on summary judgment."). Such is the case here. Both Plaintiff and Defendant have presented conflicting evidence regarding Plaintiff's alleged request that TSI cease its calls to her cellular telephone. Accordingly, the Court concludes that material issues of fact regarding Plaintiff's revocation of consent preclude summary judgment.

On the basis of the foregoing, it is the Court's conclusion that Plaintiff's motion for partial summary judgment should be denied. It is therefore

ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. 20) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of December, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-588 deny sj.docxS:\Even\2014\14-cv-588 deny sj.docx