UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEVADA WALKER,

    Plaintiff,

v.                                      Case No: 8:14-cv-588-T-30MAP

TRANSWORLD SYSTEMS, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment (Dkt. 31) and Plaintiff's Response in Opposition (Dkt. 32). The Court, having reviewed the motion, response, record evidence, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Nevada Walker filed the instant action against Defendant Transworld Systems, Inc. ("TSI") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

On September 15, 2009, Walker sought treatment at the dental office of Forster, Davis, Roberts, and Boeller ("FDR&B") for a broken tooth. At that time, Walker completed a "Welcome/Patient Information" form and provided her cellphone number. The form contained a section entitled "Dental Insurance" that included the question "[w]ho is responsible for this account." Walker wrote the word "self" in response and did not provide any information regarding dental insurance.

Subsequently, Walker failed to pay the bill from FDR&B associated with the September 15, 2009 treatment. On January 19, 2011, FDR&B placed Walker's account with TSI for collection of the unpaid debt. FDR&B provided TSI with Walker's cellphone number. From January 19, 2011, to November 2, 2011, TSI called Walker's cellphone number in an attempt to collect the debt.

On March 10, 2014, Walker filed this action. Walker alleges TSI violated the TCPA when it called Walker's cellphone numerous times via an automatic telephone dialing system ("ATDS") without her consent (Dkt. 1).

On October 6, 2014, Walker filed a motion for summary judgment (Dkt. 20). On December 17, 2014, this Court denied Walker's motion (Dkt. 30). The Court held that there were genuine issues of material fact that precluded summary judgment. Specifically, the Court held that the facts related to Walker's consent were disputed in the record.

TSI now moves for summary judgment. Notably, the record has not changed since the filing of Walker's motion for summary judgment. Thus, the issue of consent is still in dispute and the Court adopts its December 17, 2014 holding on that issue. TSI's motion argues, in part, that Walker cannot show TSI called her with an ATDS. The Court did not address this issue in its December 17, 2014 Order. As explained below, there is a genuine factual dispute about whether TSI's LiveVox system is an ATDS.

## **SUMMARY JUDGMENT STANDARD**

Motions for summary judgment should be granted only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original).  The substantive law applicable to the claimed causes of action will identify which facts are material.  *Id.*  Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor.  *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial.  *Celotex*, 477 U.S. at 324.  The evidence must be significantly probative to support the claims.  *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage.  *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990).  "[I]f factual issues are present, the Court must deny the motion and proceed to trial."  *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983).  A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990).

However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## **DISCUSSION**

The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), provides that "[i]t shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service." In order to prevail on a TCPA claim for a violation of 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must show that the defendant: (1) made a call using an automatic telephone dialing system; (2) the call was not made for emergency purposes; (3) the call was made without the plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to the plaintiff's cellular telephone service. *See e.g. Lee v. Gulf Coast Collection Bureau, Inc.*, No. 8:13-CV-2276-T-24, 2014 WL 6978760, at *2 (M.D. Fla. Dec. 10, 2014); *Wagner v. CLC Resorts & Developments, Inc.*, No. 6:14-CV-281-ORL-31GJ, 2014 WL 3809130, at *2 (M.D. Fla. Aug. 1, 2014).

The Court adopts its earlier analysis and holding on the issue of consent. *See* (Dkt. 30). In short, material issues of fact exist regarding Walker's consent to be contacted by TSI and whether Walker subsequently revoked any consent.

TSI is correct that Walker cannot prevail on her TCPA claim if TSI did not use an ATDS to call Walker. The record reflects evidence that TSI called Walker using a predictive telephone dialing system known as "LiveVox." TSI argues that LiveVox is not an ATDS because it does not have the capacity to produce or store telephone numbers

4

using a random or sequential number generation. TSI's argument is without merit because it is inconsistent with the Federal Communications Commission's rulings on the issue of what constitutes an ATDS.[1] *See Smith v. MarkOne Fin., LLC*, 2015 WL 419005, at *2-*3 (M.D. Fla. Feb. 2, 2015). In *MarkOne*, the district court noted:

> MarkOne argues that the absence of any evidence that the LiveVox system used a random or sequential number generator establishes that the system is not an ATDS. (Doc. 68 at 16). However, the FCC has ruled that a dialer need not have a random or sequential number generator to qualify as an ATDS. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. at 14091-93 (finding that the TCPA was intended to protect against autodialed calls, including calls from a list of numbers).

*Id.* Simply put, the FCC has repeatedly found that a predictive dialer is an ATDS. *See In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 18 F.C.C. Rcd. 14014, 14091-93 (2003); *see also In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 15391, 15399, n. 5 (2012); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C. Rcd. 559, 566 (2008).

This Court is bound by the FCC's determinations. *See Mais,* 768 F.3d at 1119. And the record reflects evidence that TSI's LiveVox system has the capacity to generate numbers and dial them without human intervention. Accordingly, there is a genuine dispute on the issue of whether TSI made a call using an ATDS and, as such, TSI's motion must be denied.

---

[1] The Eleventh Circuit recently confirmed the Federal Communications Commission's ("FCC") authority to make rules and regulations necessary to carry out the TCPA. *See Mais v. Gulf Coast Collection Bureau, Inc.,* 768 F.3d 1110, 1119 (11th Cir. 2014).

5

It is therefore ORDERED and ADJUDGED that Defendant's Motion for Summary Judgment (Dkt. 31) is denied.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-588 deny defendant's msj 31.wpd

6